No. 112.

A. C. Danner & Co. *v.* Henry Otis.

1. A clause in a contract of sale, that the measurement shall be by a person named, is obligatory, in default of fraud or error alleged, such as would justify rescission.

2. A simple averment in the answer to a suit upon such a written contract that the measurement is not correct, according to a particular rule or method not specified in the agreement, will not warrant the introduction of evidence to contradict, annul or amplify the contract.

*Appeal from Division B. Houston, Judge.*

*T. M. Gill*, for plaintiff.

*W. L. Benedict*, for appellant.

Rogers, J.—This is an action on a balance of account due plaintiff. On May 27, 1880, defendant delivered to plaintiff the following acknowledgment:

"I hereby acknowledge purchase from you of a raft of black walnut logs, now lying in Dymond's eddy, at $27 50 per M (thousand) feet, as per measurement of J. M. Oriol; I to take possession of said raft within three days; meantime said raft to remain at your risk. Payment for the above raft to be made within ninety days from date."

On the 27th August, following, plaintiff prepared and furnished his bill for 170 walnut logs, containing 73,893 feet, at $27 50 per M, sold May 27th—$2032 05; to which interest from August 27 to October 8th, was added, as on that day defendant paid on account $1707 34, leaving the balance $344 13, the amount sued for.

On the trial, defendant propounded to plaintiff's witnesses the following question:

"By what rule of admeasurement was the lumber purchased by defendant from plaintiffs agreed to be made?" This was objected to, on the ground that the letter of 27th May estopped the defendant from all inquiry relative thereto,

and that no oral testimony could be received against the said letter. The court sustained the exception, on the grounds that the letter referred to a particular person whose measurement was accepted as correct; and, further, it was not competent to traverse the correctness of that admeasurement as accepted by the letter, in the absence of allegations of fraud or error.

We see no error in this ruling. It appears from the statement of fact upon which this point was decided, that a witness for plaintiffs, named Anderson, testified that the account annexed to the plaintiffs' petition was correct; that he identified the letter dated 27th May, 1880, written by defendant, and identified a certificate of admeasurement made by J. M. Oriol, dated May 21, 1880. These were offered in evidence without objection.

The answer of defendant admits substantially the allegations of plaintiffs' petition, and adds that the measurement of Oriol, agreed to be made, was to be according to the Scribner rule. That under said rule he received and paid for the entire amount of lumber according to said rule. These allegations are not sufficient to permit so great a modification of the written agreement between the parties. It was competent to designate a particular individual to make the measurement, and it is competent for the parties to agree to be bound by such measurement, in default of fraud or error, such as could justify rescission, duly alleged.*

There was no attempt to dispute the report made by Oriol; but defendant seeks to establish for him a particular manner and method in making the measurement, which would produce a result more in accord with plaintiffs' theory as to how the service should have been performed.

This method should have been stipulated for. But it is very evident from the statement in the bill, which contains the letter of acceptance and the report of Oriol, that defendant

---

*See Leebrick v. Lyter, 3 Watts & Seargeant (Pa.) 366; Monongahela Nav. Co. v. Fenton, 4 W. & S. 205; Ennis v. O'Connor; 3 Harris & Johns (Md.) 163.—Reporter

understood that he bought 170 walnut logs, according to· Oriol's measurement, which had been certified to six days· prior to the sale. And, as appears from the pleadings, when· he paid $1707 24 he paid it on account of 73,893 feet at $27 50 per thousand, the exact quantity reported by Oriol.

It is not necessary to consider the other points raised in the bill; they present, in a barely modified condition, the facts· and principles just considered.

Judgment affirmed.